IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DIANE MCGHEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in its illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Diane McGhee (hereinafter referred to as "Plaintiff") is a natural person who resides in Greene County, Tennessee and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio Recovery") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-

profit corporation organized in Virginia, that maintains National Registered Agents, Inc., 2300 Hillsboro Road, Ste. 305, Nashville, TN 37212-4927, as its registered agent for service of process.

## FACTUAL ALLEGATIONS

6. Defendant have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by GE Money Bank F.S.B./Wal-Mart (hereinafter "GE Money Bank").

7. Sometime prior to March 14, 2011, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant for collection from Plaintiff.

8. Defendant Portfolio Recovery is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

9. The FDCPA bars debt collectors from communicating with third parties other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, except under certain very limited circumstances enumerated by statute, i.e., acquiring the consumer's "location information". 15 U.S.C. §§ 1692a(7), 1692c(b) and 1692b.

10. Despite this prohibition and despite knowing Plaintiff's home address, home telephone number and place of employment, Defendant Portfolio Recovery sent a communication to Plaintiff in connection with the collection of the debt claiming to communicate "with our affiliates [and] others" when, under the FDCPA, they clearly could not legally do so.

*March 14, 2011 Collection Letter and Privacy Notice*

11. On or about March 14, 2011, Defendant Portfolio Recovery sent a collection letter to Plaintiff dated March 14, 2011.

12. The March 14, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

13. The March 14, 2011 collection letter stated on the front page:

> "Balance: $1,601.57
>   Account/Reference No. 6032201430678865
>   GE MONEY BANK F.S.B./WAL-MART"

(all capital letters in original)

14. The March 14, 2011 collection letter further stated on the front page that:

> "Portfolio Recovery Associates purchased the account referenced above on 2/28/11. Interest continues to accrue on this account until the account is satisfied. The stated balance includes interest as of the date of this letter. All future payments and correspondence for this account, including credit counseling service payments, should be directed to us.
>
> . . .
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.
>
> This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> **Notice: See Reverse Side for Important Information**"

(all bold letters in original)

15. Within five days after Defendant Portfolio Recovery sent the March 14, 2011 collection letter to Plaintiff, Plaintiff had not paid the debt.

16. The March 14, 2011 collection letter was the "initial communication" by Defendant Portfolio Recovery with Plaintiff in connection with the collection of the debt.

17. The March 14, 2011 collection letter, the "initial communication", failed to correctly state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1) because it did not disclose the fact that interest is accruing <u>and</u> inform the Plaintiff of the applicable interest rate. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC,* 214 F.3d 872 (7th Cir. 2000); *Stonecypher v. Finkelstein Kern Steinberg & Cunningham, Attorneys*, 2011 WL 3489685, at *5 (E.D. Tenn., Aug. 9, 2011).

18. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the March 14, 2011 letter, and within one year prior to the filing of the original complaint, Defendant Portfolio Recovery failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

19. The March 14, 2011 collection letter stated on the back page:

> "**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) <u>information we received from you;</u> (b) <u>information about your transactions with our affiliates, others, or us;</u> (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities

4

that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information."

(emphasis added)

20. The Privacy Notice language was sent in connection with collection of the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

21. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

22. For that reason, without the prior consent of the consumer given directly to Defendant Portfolio Recovery, it may not communicate with any other person in connection with the collection of the debt, except Plaintiff, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

23. When Defendant Portfolio Recovery communicated the threat to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA, they were already aware of all three items of information that are included in the definition of "location information" – where she lived, her telephone number where she lived, and her place of employment.

24. The statement that Defendant Portfolio Recovery communicate with other parties outside of the parties enumerated under the FDCPA is misleading and deceptive.

25. It misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning the Plaintiff other than "location information", when the FDCPA forbids such third party contact.

26. It misleads the least sophisticated consumer into believing that Defendant Portfolio Recovery may provide "nonpublic personal information", including the fact that Plaintiff owes a debt to Defendant Portfolio Recovery, to third parties outside the list enumerated by the FDCPA when the FDCPA forbids such disclosure.

27. If false, the statement that Defendant Portfolio Recovery communicates, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA, in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692c(b), is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

28. If true, the third party contact is patently unlawful.

### *June 22, 2011 Collection Letter and Privacy Notice*

29. On or about June 22, 2011, Defendant Portfolio Recovery sent a collection letter to Plaintiff dated June 22, 2011.

30. The June 22, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31. The June 22, 2011 collection letter stated on the front page:

> "GE MONEY BANK F.S.B.
> WAL-MART
> Account/Reference No. 6032201430678865
> Balance: $1,645.86"
>
> (all capital letters in original)

32. The June 22, 2011 collection letter prominently states at the top center of the front page:

"***Account Selected for Legal Review***"

(all bold and italicized letters in original)

33. The June 22, 2011 collection letter further states that:

> <u>Your account has been transferred to the Litigation Department. At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account</u>.
>
> ***Portfolio Recovery Associates wants to help you resolve this account and avoid potential legal action!***
>
> . . .
>
> ***Your first payment must be received in our office no later than 07/20/2011. Your account will be considered "Settled in Full" once we post your final payment.***
>
> *Benefits of settling this account by one of the plans as described above:*
> - Your debt on this account will be resolved
> - All collection activities on this account will cease
> - You will avoid potential legal action,
> - If our company is reporting this account to the three major credit reporting agencies, we will request that our company's trade line be updated to reflect that this account is now settled.
>
> <u>However, if you do not resolve this account and legal action is taken against you, a judgment may ultimately be obtained and our local attorney may take any action that is legally available in your state to collect this debt to enforce any such judgment against you as permitted by state law</u>.
>
> Please contact our office no later than **07/20/2011** by calling during our business hours to discuss how we can work together to resolve this account. We reserve the right to withdraw or modify this offer at a later date if no payments or payment arrangements are made by **07/20/2011.**
>
> . . .
>
> **This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**"
>
> (all bold and italicized letters in original) (emphasis added)

34. The prominent statement at the top of the June 22, 2011 collection letter: "***Account Selected for Legal Review***" and the additional statement that Plaintiff's "account has been transferred to the Litigation Department" implies that attorneys, acting as attorneys, are involved in collecting the debt from the Plaintiff.

35. The least sophisticated consumer, upon receiving the June 22, 2011 collection letter, may reasonably believe that an attorney has reviewed her file and has determined that she is a candidate for legal action.

36. The disclaimer in the June 22, 2011 collection letter – "At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account" – fails to make clear to the least sophisticated consumer that Defendant Portfolio Recovery is acting solely as a debt collector and not in any legal capacity in sending the letter, and it does little to clarify Defendant Portfolio Recovery's role in collecting the debt because it completely contradicts the message conveyed by the prominent statement at the top of the June 22, 2011 collection letter: "***Account Selected for Legal Review***" and the additional statement that Plaintiff's "account has been transferred to the Litigation Department", which message is that Defendant Portfolio Recovery is going to file a lawsuit against Plaintiff if she does not immediately take steps to resolve the account.

37. Defendant Portfolio Recovery's June 22, 2011 collection letter violates 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading communications because it falsely implies that attorneys, acting as attorneys, are involved in the collection of Plaintiff's debt.

38. Defendant Portfolio Recovery's June 22, 2011 collection letter violates 15 U.S.C. §1692e(3)'s prohibition against falsely representing or implying that the individual in the Litigation Department who sent the June 22, 2011 collection letter is an attorney or that the communication is from an attorney.

39. The June 22, 2011 collection letter stated on the back page:

> **"PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) <u>information we received from you;</u> (b) <u>information about your transactions with our affiliates, others, or us;</u> (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information."
>
> (emphasis added)

40. The Privacy Notice language was sent in connection with collection of the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

41. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

42. For that reason, without the prior consent of the consumer given directly to Defendant Portfolio Recovery, it may not communicate with any other person in connection with the collection of the debt, except Plaintiff, her attorney, a consumer reporting agency if otherwise

9
Case 2:12-cv-00093-HSM-WBC   Document 1   Filed 03/12/12   Page 9 of 17   PageID #: 9

permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

43. When Defendant Portfolio Recovery communicated the threat to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA, they were already aware of all three items of information that are included in the definition of "location information" – where she lived, her telephone number where she lived, and her place of employment.

44. The statement that Defendant Portfolio Recovery communicate with other parties outside of the parties enumerated under the FDCPA is misleading and deceptive.

45. It misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning the Plaintiff other than "location information", when the FDCPA forbids such third party contact.

46. It misleads the least sophisticated consumer into believing that Defendant Portfolio Recovery may provide "nonpublic personal information", including the fact that Plaintiff owes a debt to Defendant Portfolio Recovery, to third parties outside the list enumerated by the FDCPA when the FDCPA forbids such disclosure.

47. If false, the statement that Defendant Portfolio Recovery communicates, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA, in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692c(b), is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

48. If true, the third party contact is patently unlawful.

10
Case 2:12-cv-00093-HSM-WBC   Document 1   Filed 03/12/12   Page 10 of 17   PageID #: 10

### *August 8, 2011 Collection Letter and Privacy Notice*

49. On or about August 8, 2011, Defendant Portfolio Recovery sent a collection letter to Plaintiff dated August 8, 2011.

50. The August 8, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

51. The August 8, 2011 collection letter stated on the front page:

> "GE MONEY BANK F.S.B.
>  WAL-MART
>  GE MONEY BANK
>  Account/Reference No. 6032201430678865
>  Balance: $1,666.03"

(all capital letters in original)

52. The August 8, 2011 collection letter prominently states at the top center of the front page:

## "***SECOND NOTICE: Account Selected for Legal Review***"

(all bold and italicized letters in original)

53. The August 8, 2011 collection letter further states that:

> <u>Unfortunately, we have not received a response to our recent letter informing you that your account was previously transferred to our Litigation Department. At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account</u>.
>
> ***Portfolio Recovery Associates still wants to help you resolve this account and avoid potential legal action!***
>
> We remain willing to settle this account for **$1,332.83** if funds are received in our office by **09/05/2011.**
>
> *Benefits of settling this account by this date:*
>
> - Your debt on this account will be resolved
> - All collection activities on this account will cease
> - You will avoid potential legal action

- If our company is reporting this account to the three major credit reporting agencies, we will request that our company's trade line be updated to reflect that this account is now settled.

<u>However, if you do not resolve this account and legal action is taken against you, a judgment may ultimately be obtained and our local attorney may take any action that is legally available in your state to collect this debt to enforce any such judgment against you as permitted by state law</u>.

Please contact our office no later than **09/05/2011** by calling during our business hours to discuss how we can work together to resolve this account. We reserve the right to withdraw or modify this offer at a later date if no payments or payment arrangements are made by **09/05/2011.**

. . .

**This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**"

(all bold and italicized letters in original) (emphasis added)

54. The prominent statement at the top of the August 8, 2011 collection letter: "***SECOND NOTICE: Account Selected for Legal Review***" and the additional statement that "we have not received a response to our recent letter informing you that you account was previously transferred to the Litigation Department" implies that attorneys, acting as attorneys, are involved in collecting the debt from the Plaintiff.

55. The least sophisticated consumer, upon receiving the August 8, 2011 collection letter, may reasonably believe that an attorney has reviewed her file and has determined that she is a candidate for legal action.

56. The disclaimer in the August 8, 2011 collection letter – "At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account" – fails to make clear to the least sophisticated consumer that Defendant Portfolio Recovery is acting solely as a debt collector and not in any legal capacity in sending the letter, and it does little to clarify Defendant Portfolio Recovery's role in

12
Case 2:12-cv-00093-HSM-WBC   Document 1   Filed 03/12/12   Page 12 of 17   PageID #: 12

collecting the debt because it completely contradicts the message conveyed by the prominent statement at the top of the August 8, 2011 collection letter: "**SECOND NOTICE: *Account Selected for Legal Review***" and the additional statement that Plaintiff's "account has been transferred to the Litigation Department", which message is that Defendant Portfolio Recovery is going to file a lawsuit against Plaintiff if she does not immediately take steps to resolve the account.

57. Defendant Portfolio Recovery's August 8, 2011 collection letter violates 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading communications because it falsely implies that attorneys, acting as attorneys, are involved in the collection of Plaintiff's debt.

58. Defendant Portfolio Recovery's August 8, 2011 collection letter violates 15 U.S.C. §1692e(3)'s prohibition against falsely representing or implying that the individual in the Litigation Department who sent the August 8, 2011 collection letter is an attorney or that the communication is from an attorney.

59. The August 8, 2011 collection letter stated on the back page:

> "**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) <u>information we received from you</u>; (b) <u>information about your transactions with our affiliates, others, or us</u>; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We

> maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information."
>
> (emphasis added)

60. The Privacy Notice language was sent in connection with collection of the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

61. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

62. For that reason, without the prior consent of the consumer given directly to Defendant Portfolio Recovery, it may not communicate with any other person in connection with the collection of the debt, except Plaintiff, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

63. When Defendant Portfolio Recovery communicated the threat to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA, they were already aware of all three items of information that are included in the definition of "location information" – where she lived, her telephone number where she lived, and her place of employment.

64. The statement that Defendant Portfolio Recovery communicate with other parties outside of the parties enumerated under the FDCPA is misleading and deceptive.

65. It misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning the Plaintiff other than "location information", when the FDCPA forbids such third party contact.

66. It misleads the least sophisticated consumer into believing that Defendant Portfolio Recovery may provide "nonpublic personal information", including the fact that Plaintiff owes a debt to Defendant Portfolio Recovery, to third parties outside the list enumerated by the FDCPA when the FDCPA forbids such disclosure.

67. If false, the statement that Defendant Portfolio Recovery communicates, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA, in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692c(b), is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

68. If true, the third party contact is patently unlawful.

### *Summary*

69. The above-detailed conduct by Defendant Portfolio Recovery in an effort to collect the alleged debt was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### TRIAL BY JURY

70. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

71. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

72. The foregoing acts and omissions of Defendant Portfolio Recovery constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

73. As a result of Defendant Portfolio Recovery's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Portfolio Recovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Portfolio Recovery:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Portfolio Recovery and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Portfolio Recovery, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Portfolio Recovery and for Plaintiff; and

- for such other and further relief as may be just and proper.

03/12/12    Respectfully submitted,

**DIANE MCGHEE**


/s/   Alan C. Lee
Alan C. Lee, Esq., BPR #012700
Attorney for Plaintiff
PO Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com